NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1638
_____

PATRICIA RODGERS,

Appellant

v.

MORAN FOODS LLC, a/k/a Save-A-Lot, LLC


_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-03641)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2018

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed April 26, 2018)

_____

OPINION*
_____


AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Patricia Rodgers slipped on a puddle at a Save-A-Lot store. She appeals the District Court's grant of summary judgment on her negligence claim in favor of Moran Foods, Inc., owner of Save-A-Lot. Her claim is that the Court erred in holding she did not provide sufficient evidence that Moran Foods had actual or constructive notice of the puddle that caused her to slip and fall.

We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*, applying the same standard as the District Court. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper if, viewing the record in the light most favorable to Rodgers, there is no genuine issue of material fact and Moran Foods is entitled to judgment as a matter of law. *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002).

Rodgers presents two reasons Moran Foods had constructive notice of the condition: the location of the puddle on the premises and the time between the puddle's formation and her slip. Though together these factors may indicate constructive notice, the evidence offered by Rodgers fails to satisfy either factor. *See Lanni v. Pa. R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952). First, she argues the store had constructive notice because she was "going to the register" when she slipped. But "going to the register" does not indicate any proximity to the register, and Rodgers does not provide any evidence that the cashier could see the puddle and therefore had actual or constructive notice of the spill. Second, Rodgers contends the store's violation of its "clean sweep" inspection policy indicates the duration of the puddle. Though the store's policy is to inspect the premises every two hours, the log indicated the last "sweep" occurred two hours and twenty-six

2

minutes before she slipped. This gap caps the amount of time the puddle could have existed but does not itself show it existed for a length of time sufficient to give the store actual or constructive notice. Rodgers did not provide any other evidence of the duration of the puddle prior to her slip. Thus she did not present sufficient evidence Moran Foods had constructive notice of the puddle due to its location and the duration of its existence.

Viewing the facts most favorably to Rodgers, the District Court correctly granted Moran Foods' motion for summary judgment. We thus affirm.